Seawell, J.
In order to support an action of trover, it is necessary for the plaintiff to prove property and right of possession in himself, and a conversion by the defendant. It is admitted in this case that the plaintiff has shewn property and possession in himself; but it is insisted by the defendant, that he has committed no conversion.
This leads to an enquiry what a conversion is? By conversion, converto, I understand where one person wrongfully turns to his use the personal goods of another, or does any wrongful act, inconsistent or in opposition with the right of the owner. It is, in short, a malfeasance, and the plea is not guilty. Now this malfeasance, like all others, is capable of proof in divers ways, as by the confession of defendant, or when called upon to surrender he refuses, the refusal affords a presumption that he has converted it to his own use, otherwise he would not refuse. But this presumption, like all others, vanishes when the contrary appears.
In the present case, the plaintiff calls upon the defendant for permission to dig earth and cover the kiln, the defendant refuses; this it is said is no conversion, the defendant having a right to do so. The plaintiff then formally asks a *229 permission which the law had already afforded him, and which defendant could not abridge or withhold, which defendant also refuses; and threatens a suit in case of his entry, and there is no doubt but the parties were under a belief, that it was in law necessary to obtain such permission, to prevent the plaintiff from becoming a Trespasser.
This menace, though perfectly a shadow, is said amounts to a conversion. That it is the policy of the law to do away the necessity the plaintiff was reduced to, of taking his property at the risk of a suit, though without foundation, and in which the plaintiff would necessarily fail, and when defendant would have his costs accorded, and for the bringing which causeless suit, the law would give no action.—However stupid the conduct of the defendant in this action has been; yet, when it is recollected that in legal understanding, conversion is an act, and that in all instances where the words of a party are given in evidence, they are with a view of inferring such act, it would seem irresistably to follow, that where there is clear evidence no act has been done, that it is equally as clear there has been no conversion. What has the plaintiff a right to complain of? Has the defendant injured his property? Has he used it in any manner, or exercised any act of ownership inconsistent with the plaintiff's right? He has not, but has threatened to sue the plaintiff if he took it away; and it is admitted on all hands no such action would lie. How then does this differ from a case where one individual says to another, if you plan your own house, eat your own mutton, I will sue you for it. Here the owner exercises these acts at the same risk, and yet it would hardly be said, this menace was a conversion.
But a case has been cited from 3 Mod. 170, where in trover for a tree, upon demand and refusal, plaintiff recovered. When that case is examined, it will turn out to be this: That it was for fourteen lemon trees in boxes, which were placed by the plaintiff in the garden of Lord Brude *230 nell by the Lord’s consent. The Lord afterwards sold, and the garden passing through several owners, came to the defendaht, who refused to deliver them to the plaintiff upon request.
Now these trees were placed in a garden which was walled, and which plaintiff could not enter without defend ant would open the gate, and as for the trees they must necessarily be brought out by the gate.
The defendant there was guilty of withholding from the plaintiff the enjoyment of his fruit-trees. It is to be noticed that the conversion was not made a point in the case. In the present case, the lightwood was as accessible to the plaintiff as defendant, and has not in any manner been withheld from him.
In 5 Bac. Ab. 279, title Honour, it is stated, that demand and refusal of a piece of timber, or other cumbersome article, when it has remained untouched, will not support an action of trover. Independently of this authority, from the reason of the case, I should hold such action would not lie. Consequently, I am of opinion, that the plaintiff cannot, in this case, recover, and that the rule for a new trial should be absolute.
Lowrie, J.
The action of trover is the legal remedy to recover damages for the unlawful conversion of a personal chattel. The lightwood, the subject of the present action, is a personal chattel. The levy and sale of the officer were legal, and the purchase and payment of the money by the plaintiff vested in him the property of the lightwood. The article, however, being bulky and too cumbrous to be immediately moved from the land of the defendant, on which it was sold, the law will presume, unless by some express and unequivocal act of the debtor such presumption should be destroyed, that it was left there by his consent, and in his *231 possession, until the necessary arrangement could be made for taking it away. I think that in all cases, where the consent of one man becomes necessary, and without which another cannot conveniently enjoy his property, the law presumes such consent to be given, unless the contrary expressly appears. Whenever, therefore, a man purchases heavy articles at a sheriff’s sale, as corn, fodder, hay-stacks, and such like, which it is not presumable he is prepared instantaneously to carry them away with him, he may, if not prohibited by the debtor, return in a peaceable manner, and lawfully enter upon the freehold, or into the inclosure of said debtor, or other person, on whose land such articles were, for the purpose of moving his property. But I am of opinion that such presumption of law ceased to exist, as regarded the parties to this cause, the moment the defendant expressly prohibited the plaintiff from entering upon his freehold, and threatened him with a suit at law, in case he did enter.
After such express prohibition, the entry of the plaintiff could not be a peaceable and lawful one. It is believed there is no case where the law has tolerated one man to enter upon the possession of another for the assertion of a mere private right which he may have to a piece of personal property, against the express prohibition of him in possession; such toleration would be attended with consequences very injurious to society.
I therefore think that the refusal, &c. as stated in this case of the defendant, was such evidence of a conversion as was proper to be left to a jury. The conduct of the defendant reduced the plaintiff to the necessity of asserting his right by an action at law, as he has done. “If a man give leave “to have trees put into his garden, and afterwards refuse “to let the owner take them, it will be a conversion.”-Com. Dig. Action on the case, Trover (E.) p. 314.
*232 This case differs from that to be found in Gilbert’s Law of Evidence, 262; and in 5th Ba. Abr. 257, Trover (B)—where there was a refusal to deliver a beam of timber, which might be attended with some expence and trouble; for here was not only a refusal to deliver, but refusal to suffer the plaintiff to take the lightwood into his possession and cart it away, and also a declaration that if he, the plaintiff, entered upon his freehold for the purpose of doing so, he would sue him.
I am, therefore of opinion, the plaintiff was under no necessity, circumstanced as the case was, to enter upon the defendant’s land against his will, and thereby incur a lawsuit, and all the trouble and expence incident thereto; that, on the contrary, he has taken the legal course, and is well entitled to judgment.
Hall J.
The lightwood which is the subject matter of this action, was legally levied upon and sold to the plaintiff. That sale gave the plaintiff a title to it. Now, in its nature, it could not be delivered and carried away, as most other kinds of personal property could. It was cumbersome, and could only be carried away in the manner proposed by the plaintiff. If so, he had a right to carry it away in that manner, and the defendant was not exercising a right that belonged to him, when he forbid him to do so; of course, the plaintiff’s right was not thereby impaired; his physical power to do himself justice still remained. Had that been opposed, then indeed there would have been a conversion. Suppose the defendant had sued the plaintiff for carrying away the lightwood, he could not have recovered, because the plaintiff only did that which the law gave him a right to do; that was, to enter on the defendant’s land, and carry away property to which he had acquired a legal title, and which could be disposed of in no other way. Then the defendant used threats towards the plaintiff, of no legal significance, and which he ought not to have regarded. Had *233 the lightwood been within the defendant’s inclosures, and admittance had been denied, the case might have been different. But being in the woods, and no barrier interposed but empty threats, I think there was no conversion, and that Judgment should be entered for the defendant.
Taylor, C. J.
I cannot discern any reason why a plaintiff suing for this sort of property, should be tied up to a greater degree of strictness in his proofs, than would be required from him, were he suing for a slave or any other chattel. In ordinary cases, a court and jury would be satisfied with proofs, that the plaintiff’s property in the defendant’s possession, had been refused on demand; and it would seem an anomalous proceeding, to call upon the plaintiff to shew that he had endeavoured to take possession of his property, notwithstanding an explicit refusal by the defendant to deliver it, accompanied by a threat that he would harrass the plaintiff with a suit, if the property were removed.
Has not the effect of the defendant’s conduct been to deprive the plaintiff of the just exercise of the rights of ownership in the property sued for? The impression naturally made on the plaintiff ’s mind was, that he could not, without molestation from his adversary, take his own property into his own possession; and I cannot think it would have relieved him greatly to be told, that after a tedious and anxious defence to a law-suit, his adversary would have all the costs to pay. It is true, that the common language of the books is, that a demand and refusal, is presumptive evidence of a conversion; but I believe it may be assumed as a safe position, that it is in all cases conclusive evidence, where the defendant had the property in his pessession, and detained it without right. Would it be a defence in trover for a horse, and proofs made of a demand and refusal, that the horse had not been rode by the defendant, but remained at large in his pasture? The very statement of the case fur *234 nishes an answer. I think the good sense of the law on this subject is clearly expressed by Lord Holt, in Baldwin v. Cole, 6 Mod. 212: “The very denial of goods to him that “has a right to demand them, is an actual conversion, and “not only evidence of it, as has been holden; for what is a “conversion, but an assuming upon one’s self the property “and right of disposing of another’s goods; and he that "takes upon himself to detain another man’s goods from him “without cause, takes upon himself the right of disposing of them.”
Let the rule for a new trial be discharged.